Turney, Sp. J.,
delivered the opinion of the court:
Sec. 65, of ch. 118 of tiie act of the general assembly, approved March 25, 1843, provides that no tract or lot of land shall be sold for less than the amount of taxes, penalties and costs due thereon, and that the bidder shall be the purchaser who will pay the amount due for the least quantity of said lot, tract, or parcel of. land, to be run off from the beginning corner, and running with at least one line of the tract, etc., etc. [See Oode of 1858 or 1871, sec. 621].
Sec. 67 enacts, “that, when said sales shall have been completed, and within thirty days after the first Monday of July, of said year, the tax collector shall certify an account of said sales to the circuit court of his county. Said court, if in session, or if not in session, then at the next, term of said court, shall enter said sales of record as valid judgments vesting title to the property so sold, in the purchaser thereof,” etc.
By sec. 69, it is declared that no sale sjiall be invalid because the number of acres, or the size and dimensions of any tract, lot, or parcel of land has not been precisely named, or the amount of the valuation or tax not precisely given, nor because the property has been assessed and advertised in the name of a person who did not own the same, was assessed and advertised to unknown owners, nor because a distress warrant did not issue, nor on account *4 of any objection or inf ormality-merely technical, etc. [See Codes of 1858 and 1871, sec. 629.]
Tlie report of sale made by Collector Berthal, describes the salo to William Gay, as follows: “One tract of land, valued at $2,100, situated in civil district No. 2, sold as the property of William Simmons, for the taxes of 1871, amount of taxes and cost,'$20.30, bounded,” etc.
The report of Collector Allen, of two sales, is: “One tract of land in district No. 2, sold as the property of the Bank of Kentucky, for the taxes of 1873, amount of taxes and costs, $33.24, bounded, etc., containing 124 acres.” It in no way appears, from these reports, that the land was offered to “that bidder” who- would pay the amount of taxes, penalties, and costs, for the least quantity of land. Nor does it appear that the forty-five acres was laid off .from the beginning corner, and running at least one line of the tract.
The circuit court, to which such reports are made, under the statute, can only look to- the report, which must furnish ail the facts made necessary to the sale. It is such facts, embodied in the collector’s report, that confer upon the court jurisdiction or authority to enter the sales of record as valid judgment, vesting title to the property so sold. No title vests in the purchaser before- such entry of record and judgment. It was the purpose of the legislature to have all the material acts of the collector -before the court, in order that it might determine whether such acts, evidenced by his official report, authorized a confirmation of the sale made by him, and judgment vesting title in the purchaser. It cannot have been intended by the legislature that a report of the collector, using general terms, or terms conclusive of law, from an assumed sufficiency of facts, should be conclusive upon the court, and that the court should, upon such report, exercise a mere clerical and ministerial duty. It would have been cheaper, and much more expeditious, to have directed the collector to sell and *5 make title without the intervention of the courts. By the statute, the state has evinced two policies; first, to collect the taxes due in the shortest time, and, second, not to unnecessarily oppress or distress the citizens; hence, the new rule of selling, in a specified measure, the smallest possible fraction of land, to realize taxes due from the entire tract. The requirement to sell, as indicated by the statute, is not merely directory, but is mandatory tO' the collector; he has no discretion, but must pursue the statute, otherwise the taxpayer is at the mercy of the tax collector. These defects in the reports are not cured by the provisions of see. 69; they are not therein enumerated, nor are they merely technical. It is insisted by complainant that defendant is not entitled to anything more than the money paid at six per cent, interest, and should pay all costs of suit.
Sec. 59 of the act provides, “that, whenever any land or lot shall have been sold under the provisions of this act, and the purchaser shall have paid the amount of his bid and costs, the owner shall not be entitled to an action of any kind, to be restored to the possession of such' land or lot, upon the ground of any irregularity of the sale of the same, until he shall have paid or tendered to such purchaser the amount of his bid, damages, interest, costs,” etc., as provided for in this act. Sec. II enacts, “that the owner or owners of any real estate sold at said sale, his, her, or their agent or attorney', shall be entitled and allowed to redeem the same, and recover possession thereof, at any time within one year from the day of sale, but at no time thereafter; and to effect such redemption, shall pay, or cause to be paid, to the clerk of said court, the amount of taxes, penalty, and costs, with interest on the same, at the rate of fifty per cent, per annum from the day of sale,” etc. [See Codes of 1858 and 1811, sec. 638.] It is argued for defendants, that these two sections must be construed together, and that the fifty per cent, interest allowed in *6 sec. 71, has reference to, and defines the term “interest,” and its scope, as employed in sec. 59. We think not; sec. 59 has reference to sales that are void under the law, and as to which redemption is not necessary, nor anywhere provided for, while sec. 71 provides for the time and manner of redemption, and is intended to, and can apply, only to cases of valid sales, as the term “redemption” implies. There must be a valid sale or conveyance before there is such thing as redemption., Unless the title has, in some form, passed or become incumbered, there can be no redemption. In this case the sale was void, and the provisions of sec. 71 do not apply. T'he term “interest,” used in,sec. 59, must necessarily mean six per cent., the uniform rate established by. law. The facts do not make a tender of the amount due defendants before the filing of the bill. While the bill brings the money into court, it expressly declares that it is not a tender in the event the sale shall bo declared void, and insists, in such event, defendants are entitled to.Jiothing; this is not such a tender as will stop interest and .costs. Upon the payment of the amount due defendants, with interest at six per cent., complainant is entitled to the possession of the land sued for.
This negligence caused this litigation; it knew its taxes were due, it was its duty to .have promptly paid them. Let it bé taxed with all costs¡